**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**BLUE GORDON, C.V.,**
                                    **Plaintiff,**

**-vs-**                                                      **Case No.  A-09-CA-409-SS**

**QUICKSILVER JET SALES, INC., BOYD
AVIATION, INC. d/b/a Texas Aero Aircraft
Group, and DON R. STARLING,**
                                    **Defendants.**
_____

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Blue Gordon, C.V. ("Blue Gordon")'s Motion for Attorneys' Fees [#137] and Defendant Quicksilver Jet Sales, Inc. ("Quicksilver")'s Response [#144].  Having considered the motion, response, applicable law, and the case file as a whole, the Court enters the following opinion and order.

Blue Gordon bases its claim for attorneys' fees on the terms of the contract on which its claim was based, which allowed recovery of "reasonable attorney's fees as well as costs" for a party prevailing on a contract enforcement action.  Trial Ex. P-1.  Blue Gordon also invokes the Texas Civil Practice and Remedies Code which states: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract."  TEX. CIV. PRAC. & REM. CODE § 38.001(8).

Under Texas law, the prevailing party is entitled to recover fees upon a showing that it (1) prevailed on a cause of action for which attorneys' fees are recoverable, and (2) recovered damages.

*See Finger Furniture Co., Inc. v. Commonwealth Ins. Co.*, 404 F.3d 312, 314 (5th Cir. 2005) (citing *Brown v. Fullenweider*, 135 S.W.3d 340, 346 Tex. App.–Texarkana 2004, pet. denied)).   Blue Gordon has satisfied these requirements.   The jury returned a verdict in favor of Blue Gordon and awarded damages in the amount of $7,254,749.74.   The Court entered Final Judgment for Blue Gordon on June 24, 2010.  Order [#133].

Federal courts in the Fifth Circuit must refer to state law when awarding attorney's fees in diversity cases involving breach of contract. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  To recover attorney's fees, the plaintiff must prove that the attorney's fees were reasonable and necessary for the prosecution of the case. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1998).  The attorneys' fees are to be calculated based on the lodestar approach.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Id.*  Once the Court determines the lodestar amount, the Court may then adjust the award based on the eight factors outlined in *Andersen,* to determine the reasonableness of the fees.  These factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Andersen*, 945 S.W.2d at 818.[1]  Moreover, the requested fees must bear a reasonable relationship to the amount in controversy or to the complexity of the circumstances of the case.  *Mid-Continent*, 205 F.3d at 231 (citations omitted).  In deciding whether fees are excessive, the Court is "entitled to look at the entire record and to view the matter in the light of the testimony, the amount in controversy, the nature of the case, and our common knowledge and experience as lawyers and judges."  *Id.* (citing *Jerry Parks Equip. Co. v. Southeast Equip. Co.*, 817 F.2d 340, 344 (5th Cir. 1987).

In addition, fees requested must be properly segregated in order to limit fee awards for claims which failed and were wholly unrelated to the breach of contract claim.  *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006).  On this basis, Blue Gordon asserts its total fees in this case were $577,468.00 and, after properly segregating all those fees not related to the breach of contract, now requests an award of attorneys' fees and costs in the amount of $512,760.50.  Pl. Mot. at 1.  Quicksilver contends this amount fails to properly segregate fees based on claims asserted, includes fees for duplicated efforts, and is excessive and unreasonable.  The Court agrees with Quicksilver and does not find this amount to be reasonable based on either the *Andersen* factors, or the segregation of fees.

This case started out as a simple breach of contract case.  Plaintiff, however, asserts:

This was not a garden-variety breach of contract action.  It involved relatively complex fact questions, significant legal research, two rounds of summary judgment motions, a motion to exclude an expert witness, and a large number of witnesses, all

---

[1]The Fifth Circuit has not determined whether the twelve well-known factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), control in Texas diversity cases, except to note that the *Andersen* factors are comparable to the *Johnson* factors.  *See Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000).  This Court will apply *Andersen*.

of whom counsel for Blue Gordon had been prepared to present or cross-examine, depending on the Court's pretrial rulings, evidentiary rulings during trial, time limitations and the attendant strategic choices made by counsel for both parties at trial.

Reply [#146] at 4.  However, Plaintiff's characterization is incorrect.

This case was filed in May 2009.  As examples of improper segregation of fees, Blue Gordon notes Quicksilver's original complaint, first amended complaint, and proposed second and third amended complaints all alleged torts.  In addition many of Quicksilver's discovery requests sought information unrelated to the contract claim, and related solely to the fraud and other tort claims. Finally, Quicksilver's response to the Defendants' motion for partial summary in November 2009 addressed all causes of action including its myriad tort claims.  Despite this, Quicksilver allocates all but five hours of lawyer time from May through December 2009, totaling 337.5 hours and $111,206 for an average hourly rate of $329, to the breach of contract claim.  Blue Gordon replies all of this work was "undertaken to advance both recoverable and unrecoverable claims that are so intertwined that they need not be segregated."  Pl. Reply at 3; *see also Tony Gullo*, 212 S.W.2d at 313-14.  Even if the Court accepts Blue Gordon's assertion, it only serves to enforce the Court's finding that such fees were unreasonable and excessive.

The *Andersen* factors likewise indicate the fees are unreasonable and excessive.  *See Andersen*, 945 S.W.2d at 818. Most significantly, the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service counsel against awarding the fees Quicksilver requests.  While the time and labor required for a complex case, and the fee for similar legal services in the locality may correspond more closely to the amounts requested here, the fact remains this case was not complex and the legal services provided were not

-4-

necessary to obtain the result.  Despite Plaintiff's pleadings, amended pleadings, tort claims against additional defendants, duplicating efforts by lawyers from different firms, overlapping work with tort claims, objections to discovery requests, and a summary judgment motion for which there was no hope of success,[2] it remained a simple breach of contract case and went to trial on two issues: breach and damages.  In other words, this was a simple case notwithstanding Plaintiff's counsels' numerous attempts to make it more complex.  As such all of the hours spent on making the case more complex are excessive and unreasonable.

Under *Andersen*, the Court may consider the fee customarily charged in the locality for similar legal services.  *Id.*  In addition, in deciding whether fees are excessive, the Court is "entitled to look at the entire record and to view the matter in the light of the testimony, the amount in controversy, the nature of the case, and our common knowledge and experience as lawyers and judges."  *Mid-Continent*, 205 F.3d at 231 (citing *Jerry Parks Equip. Co. v. Southeast Equip. Co.*, 817 F.2d 340, 344 (5th Cir. 1987).

Thus, based on the Court's review of the record, the billing summaries submitted by Blue Gordon, and the *Andersen* factors, the Court finds the award requested by Blue Gordon, $512,760.50, to be excessive and unreasonable for what was–or at least should have been–simply a breach of contract case.  *See Mid-Continent*, 205 F.3d at 233-34. The Court finds, based on common knowledge and experience, and fees customarily charged in the locality for breach of contract cases, that the reasonable amount of hours expended is 140:  10 hours for preparing and filing the complaint, 30 hours for discovery, 10 hours for motions practice and repleading, 10 hours

---

[2]In fact the only summary judgment motion necessary in the case was the one filed by Defendants which allowed the Court to dispose of all the tort claims and unnecessary defendants in this suit.  *See* Def. Mot. [#54].

for jury instructions and voir dire preparation, 40 hours for trial preparation and 40 hours for trial. The reasonable hourly rate in this simple breach of contract case is $300 per hour, because a $300-per-hour-lawyer could easily have handled the case.  Thus, the lodestar amount brings the total award of fees to $42,000.

Quicksilver is not entitled to higher hours or rates based on futile attempts to make this case more complicated.   Further, Plaintiff is entitled to *reasonable* attorneys' fees, not what was charged to the client, or what was contracted with the client.

In accordance with the foregoing,

IT IS ORDERED that Plaintiff Blue Gordon's Application for Attorney's Fees is GRANTED IN PART.  Plaintiff shall recover attorneys' fees in the amount of $42,000 reasonably incurred in prosecuting its claim for breach of contract, for which let execution issue against Defendant Quicksilver.

SIGNED this the 9th day of August 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE